IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FOUR WINDS BEHAVIORAL HEALTH, INC.,

    Plaintiff

    v.                                                                            No. 1:23-cv-00013-KWR-JFR

ALLERTECH LABORATORIES, INC.,

    Defendant,

## ORDER DENYING PLAINTIFF'S MOTIONS

**THIS MATTER** comes before the Court upon the Plaintiff's Motion to Enjoin State-Court Proceedings in Florida (**Doc. 9**), Motion for Rule 57 Speedy Hearing on Request for Declaratory Judgment (**Doc. 6**) and a Motion to Set Live Hearing on All Issues (**Doc. 13**). For the reasons stated below, Plaintiff's motions are **DENIED.**

Plaintiff requests that the Court enter an emergency, *ex-parte* injunction "staying" or enjoining a Florida state court proceeding, filed in Miami-Dade County, *Allertech Laboratories v. Four Winds Behavioral Health Inc*, 2022-020769-CA (11th Fla. Cir. Ct.). Plaintiff also requests that the Court "vacate the constitutionally-infirm default judgment and quash the garnishment expeditiously and *sua sponte*." **Doc. 9, Exhibit 2 at 5**.

Plaintiff has repeatedly requested an immediate ruling, through pleadings or by contacting the Court's chambers, apparently before Defendant enters an appearance or briefs the motions. Therefore, the Court interprets Plaintiff's request as one for an *ex-parte* temporary restraining order under Fed. R. Civ. P. 65.

Allertech filed its case in Florida state court on October 28, 2022. **Doc. 6, Exhibit 6 at 1**. *See Allertech Laboratories v. Four Winds Behavioral Health Inc.*, 2022-020769-CA, (11th Fla.

Cir. Ct.). This federal case was subsequently filed months later on January 6, 2023. *See* **Doc. 1**. The state court entered a default judgment. Four Winds believes that the state court's default judgment was incorrect, as it alleges it was not properly served. In the state court proceeding, however, Four Winds moved "to vacate the default based upon mistake, inadvertence, surprise, and excusable neglect." **Doc. 6, Exhibit 6 at 2**.

Plaintiff requests the Court enjoin the state court proceedings. However, Plaintiff does not attempt to argue the standard for either a temporary restraining order or preliminary injunction. To obtain a temporary restraining order or preliminary injunction, Plaintiff must show: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; *and* (4) that the injunction, if issued, will not adversely affect the public interest." *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)). Plaintiff has not shown that this Court has the authority to issue an injunction which does not follow that standard. Because Plaintiff has not attempted to argue the above standard, Plaintiff's motion should be denied on that basis alone.

Alternatively, the Court would deny Plaintiff's motion as it has not shown an exception to the Anti-Injunction Act applies here. "The Anti–Injunction Act provides that a federal court 'may not grant an injunction to stay proceedings in a State court' except in three circumstances: 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Weyerhaeuser Co. v. Wyatt,* 505 F.3d 1104, 1107 (10th Cir.2007)(citing 28 U.S.C. § 2283).

> [T]he Supreme Court ... explained the purpose of the [Anti–Injunction Act]. The law "is a necessary concomitant of the Framers' decision to authorize, and

Congress' decision to implement, a dual system of federal and state courts." By prohibiting "frequent federal court intervention" in state court proceedings, the [Anti–Injunction Act] "forestalls ... 'friction between the state and federal courts.' " *Weyerhaeuser Co. v. Wyatt,* 505 F.3d at 1108 (citations omitted). "[T]he [Anti–Injunction] Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo Co. v. Lektro–Vend Corp.,* 433 U.S. 623, 630 (1977). The Court should resolve doubts against issuing the injunction and must narrowly construe the Act's exceptions. *Weyerhaeuser Co. v. Wyatt*, 505 F.3d 1104, 1107 (10th Cir. 2007).

Plaintiff appears to acknowledge that the Anti-Injunction Act may apply here, but asserts that two statutory exceptions exist.  The Court disagrees, and concludes that the Anti-Injunction Act bars Plaintiff's requested relief to enjoin state proceedings. The three statutory exceptions are as follows:

> 1. Congress "expressly authorized" an injunction.
> 2. The injunction is "necessary in aid of [the federal district court's] jurisdiction."
> 3. The injunction is necessary to "protect or effectuate" a previous judgment in federal district court.

*Tooele Cnty. v. United States*, 820 F.3d 1183, 1188 (10th Cir. 2016).  Plaintiff does not argue the first exception applies here but asserts that the second and third exceptions apply.  The Court disagrees.  The Tenth Circuit has described the second exception as follows:

> The second statutory exception is limited. The Supreme Court has applied it only when
> • both the federal and state suits constitute in rem or quasi in rem proceedings and
> • the federal court was the first to take possession of the res (the property under dispute in the federal and state actions).
> To apply the second exception, the court must decide whether the two suits are either in rem or quasi in rem. "An action in rem is one founded upon the rights in or to property." *Housley v. Anaconda Co.,* 19 Utah 2d 124, 427 P.2d 390, 392 (1967). Thus, in rem proceedings affect the interests of all persons in the property. *Archer v. United States,* 268 F.2d 687, 690 (10th Cir.1959). An action is quasi in rem when it affects the interests of only some persons in the property. *Id.; see* Restatement (Second) of Judgments § 6 cmt. a (Am. Law Inst.1982).

*Tooele Cnty. v. United States*, 820 F.3d 1183, 1188 (10th Cir. 2016). Plaintiff hasn't suggested that any of these requirements have been established, and does not suggest that this matter is a in rem or quasi in rem proceeding.  Moreover, Plaintiff does not argue that this case, which was the subsequently filed case, was the first one to take possession of the res.   The Tenth Circuit has narrowly applied the second exception as set forth above.  Although some other circuits have expansively applied this exception, they "treat the underlying federal litigation as functionally equivalent to a res." *Tooele Cnty. v. United States*, 820 F.3d 1183, 1189 (10th Cir. 2016).  Plaintiff has not suggested this applies here.  Rather, Plaintiff argues that the state court judgment will disrupt this case. But the fact that the state court reached judgment first on an earlier filed case does not merit application of this exception.

The third exception, also called the relitigation exception, does not apply here.  It applies to "protect or effectuate" a previous judgment in federal district court. *Tooele Cnty. v. United States*, 820 F.3d 1183, 1188 (10th Cir. 2016). This exception only "authorizes injunctions against state adjudication of issues that 'actually have been decided by the federal court.' " *Weyerhauser Co. v. Wyatt*, 505 F.3d 1104, 1110 (10th Cir. 2007) (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 148 (1988)).  Here, the Court has not yet entered judgment, and therefore there is no prior judgment for the Court to protect.  Rather, the state court case was filed first, and a judgment has been entered in that state case.    Therefore, the Court concludes that Plaintiff has not shown that the exceptions to the Act apply here.

Plaintiff also filed two other motions, a Motion for Rule 57 Speedy Hearing on Request for Declaratory Judgment (**Doc. 6**) and a Motion to Set Live Hearing on All Issues (**Doc. 13**).  Initially, to the extent Plaintiff seeks declaratory relief in its Rule 57 motion on matters not identified in its complaint, it should amend its complaint, or seek leave to amend, in accordance with Fed. R. Civ.

4

P. 15.  Plaintiff also requests that the Court hold a merits hearing on its declaratory judgment motion.  The Court finds this hearing request premature, until Plaintiff has resolved the issue of service and necessary discovery and pretrial matters have been resolved.  Upon reading all of the pleadings in this matter, the Court is not convinced that Plaintiff's invocation of a speedy hearing pursuant to Rule 57 merits circumventing all other rules of civil procedure in this case.  Therefore, the Court denies without prejudice Plaintiff's Motion for Hearing (**Doc. 13**) and Motion for Rule 57 hearing (**Doc. 6**).

Finally, the Court **DIRECTS** Plaintiff to file its requests for relief on the record, rather than repeatedly contact the Court's chambers.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**